UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jesse Lucio, | Case No.: 2:25-cv-01362-APG-NJK |
| Petitioner | **Order Dismissing the Habeas Corpus Petition Without Prejudice and Denying Motions** |
| v. | |
| State of Nevada, | [ECF Nos. 1, 1-1, 1-2, 3] |
| Respondents | |

Petitioner Jesse Lucio, a *pro se* Nevada prisoner, has filed a petition for writ of habeas corpus (ECF No. 1-1), an application to proceed *in forma pauperis* (IFP (ECF No. 1)), a motion to submit documents (ECF No. 1-2), and a motion of manifested error (ECF No. 3). On initial review under the Habeas Rules, I dismiss the petition without prejudice, grant his IFP application, deny his motion to submit documents, deny his motion for manifested error, and direct the Clerk of the Court to close this case.

**I.    Discussion**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Here, the petition is subject to substantial defects. To state a claim, a habeas petitioner must demonstrate that he is entitled to release from confinement because he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). First,

to the extent that Lucio is challenging his Nevada state court conviction, he must file a habeas petition under 28 U.S.C. § 2254.  Lucio refers to Rule 47(2)(b), the Nevada Constitution, and the Due Process Clause of the United States Constitution in his filing.  In addition, it appears that Lucio has filed multiple complaints alleging similar claims that have been dismissed for failure to state a claim. *See Lucio v. Hutchings*, Case No. 2:20-cv-1681-KJD-EJY; *Lucio v. State of Nevada*, Case No. 2:22-cv-1088-CDS-EJY.

Second, the petition is nearly inscrutable.  Lucio asserts that the state district court lacks jurisdiction under the Nevada Constitution and that he is being held captive without due process.  As best I can tell, it does not set forth any potentially meritorious claim that his custody violates federal law.  Third, Petitioner has not alleged or demonstrated that he properly and fully exhausted his state court remedies.  A state defendant seeking federal habeas relief must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *E.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court).  The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Lucio's motion to submit documents and motion for manifested error are denied as moot.

**II.     Conclusion**

I THEREFORE ORDER:

1. Petitioner Jesse Lucio's petition for writ of habeas corpus (ECF No. 1-1) is dismissed without prejudice.

2. Petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1) is granted.

3. Petitioner's motion to submit documents (ECF No. 1-2) and motion of manifested error (ECF No. 3) are denied as moot.

4. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from respondents other than to respond to any orders of a reviewing court.

5. The Clerk of the Court is directed to enter judgment accordingly and close this case.

6. A certificate of appealability is denied because jurists of reason would not find debatable whether the Court is correct in dismissing this action.

DATED this 28th day of October, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE